**PARKHILL TRUCK COMPANY,**
Petitioner,

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents, International Transport Inc., Intervenor.**

No. 75–1882.

United States Court of Appeals, District of Columbia Circuit.

Argued 29 Oct. 1976.
Decided 22 June 1977.

Michael E. Miller, Lanham, Md., for intervenor.

Wilburn L. Williamson, Oklahoma City, Okl., of the bar of the Supreme Court of Oklahoma, pro hac vice, by special leave of court, with whom Thomas R. Kingsley, Washington, D. C., was on the brief, for petitioner.

Raymond Michael Ripple, Atty., I. C. C., Washington, D. C., with whom Fritz R. Kahn, Gen. Counsel, I. C. C., and Carl D. Lawson, Atty., Dept. of Justice, Washington, D. C., were on the brief, for respondents. John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for respondent, United States.

Before LEVENTHAL, ROBINSON and WILKEY, Circuit Judges.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

This petition seeks to set aside the decision and orders of the Interstate Commerce Commission in *Parkhill Truck Company, Extension—Wisconsin*,[1] by which the Commission *partially* granted petitioner's application for a certificate of public convenience and necessity to operate as a common carrier by motor vehicle over irregular routes.[2] The cargo authorized to be transported embraced (1) commodities (except paper, paper products, and wood pulp), the transportation of which because of their size or weight requires the use of special equipment or handling; and (2) self-propelled articles, each weighing 15,000 pounds or more, and related machinery, tools, parts, and supplies moving in connection therewith (restricted to self-propelled articles which are transported on trailers), between points in Wisconsin, on the one hand, and

on the other, points in Missouri and Iowa. The authority granted was subject to the restriction, insofar as is pertinent here, that it would not be joined or combined directly or indirectly with any other authority held by the petitioner for the purpose of providing service from or to any points other than those specified, i. e., the standard prohibition against joinder or tacking.

We conclude that the ICC has not articulated the basis for its partial tacking restriction in this case in such a manner as to enable us to sustain the order at this time. Accordingly, we remand the record to the Commission for the purpose of clarifying its decision in *Parkhill Truck Company, Extension—Wisconsin*.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The petitioner had sought authority to transport the described items from Wisconsin points to points in Illinois, Iowa, and Missouri and, by joining with its already existing authority, to serve points in thirteen other states.

The Commission's Administrative Law Judge, following presentation of evidence, rendered an initial decision [3] authorizing direct service between Wisconsin points and points in Iowa and Missouri only, thereby denying direct service to Illinois, and permitted joinder with existing authority to serve the ten states of Arkansas, Colorado, Kansas, Louisiana, Ohio, Kentucky, New Mexico, Oklahoma, Texas, and Wyoming while restricting joinder as to Indiana, Oregon, and Washington. The Commission, while following the recommendation of the Administrative Law Judge as to the grant of authority for direct service, in imposing the joinder or tacking restriction denied the petitioner the authority to serve the ten states authorized by the Administrative Law Judge.

---

1. Docket M.C. 106497 (Sub. No. 68).

2. Irregular route carriers are those authorized to operate between designated locations without restriction as to the route or highway to be traversed.

3. M.C. 106497 (Sub. No. 68), served 16 May 1974.

Except for International Transport, Inc., the intervenor herein, the other protesting carriers were either satisfied or not sufficiently dissatisfied by the recommendation of the Administrative Law Judge so they did not participate in the proceedings before the Commission. Petitioner's application was filed before 23 November 1973, so that the procedures for the tacking or joining of irregular routes as established by *Gateway Elimination Rulemaking*[4] are not applicable.

It is apparent that the Commission based its decision, first, on its policy of disfavoring partial restrictions because they are difficult to enforce, and, second, the factor of the interest of other carriers and shippers. In overruling the Administrative Law Judge, the Commission's order stated:

> That Commission policy does not favor partial restrictions against joinder which are cumbersome and difficult to enforce, see *Fox-Smythe Transportation Co. Extension—Oklahoma*, 106 M.C.C. 1 (1967); that in view of the substantial demonstrated interest of the protestants in traffic moving to the most economically important of the States excluded by the Administrative Law Judge from the operation of the recommended restrictions (protestant International Transport, Inc., and its affiliates alone serve all such States, and submitted traffic studies indicating a large volume of traffic that would be subject to diversion), and the minimal showing of need for additional service thereto, we believe that a complete restriction against joinder is warranted. . . .

The Commission also alludes to traffic studies indicating that a large volume of traffic would be subject to diversion and to a minimal showing of need. These factors relevant to the interests of other carriers and shippers are recited contrary to the factual findings of the Administrative Law Judge.

## II. THE POLICY OF DISFAVORING PARTIAL RESTRICTIONS ON TACKING

The burdensomeness of enforcement of the restrictions has been asserted by the Interstate Commerce Commission as a ground for not permitting tacking, yet the alleged enforcement difficulties have not been particularized or shown at all in this case. We are cited to instances of the Commission permitting partial restrictions against tacking, e. g., *George C. Rawlings Extension—Emporia*.[5] We do not see why this particular case is in any way different from those in which the Commission has permitted tacking. The record must be remanded to the Commission to explain whether there are distinctions from cases like *Rawlings*, and if so what they are; whether the doctrine underlying *Rawlings* is being abandoned; or whether it is being modified, and if so in what way.

## III. DIVERSION FROM OTHER CARRIERS AND THE NEEDS OF SHIPPERS

The traffic studies of the intervenor, a major carrier of commodities of large size and weight, which were adduced into evidence, showed only a limited traffic between Wisconsin and either Iowa or Missouri. At least twenty-three of the fifty shipper witnesses whose testimony was included in the hearings favored through service between Wisconsin points and the states proposed to be served by petitioner's joinder of authorities. The Administrative Law Judge found that the demand for service was not being met. It is undeniable that there were sufficient grounds upon which the Administrative Law Judge could find a need for the specialized transportation service offered by petitioner.

Petitioner requested tacking authority for thirteen states beyond Missouri and Iowa. As to the ten states in which the Commission denied tacking authority, the intervenor does not possess authority to serve five of the states, namely, Arkansas, Louisiana, New Mexico, Oklahoma, and

---

**4.** 119 M.C.C. 530.

**5.** 78 M.C.C. 636 (1959)

Texas. At first blush we find it difficult to discern how the intervenor could be materially and adversely affected if the petitioner were to serve these states through the technique of tacking. On remand the Commission is invited to address this point and, in any event, to articulate fully its reasons for denying tacking authority in those states where the intervenor has shown no service.

As to those states where the intervenor has shown some service, we require clarification of the basis, if any, on which the application was denied.

## CONCLUSION

For the purpose of clarifying its partial restriction on tacking in this case, we vacate the order under review and remand the record to the Commission to conduct proceedings not inconsistent with this opinion.

*So Ordered.*